IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        **Plaintiff,**<br><br>v.<br><br>**BRETT DEWAYNE COLE,**<br><br>        **Defendant.** | Case No. 22-CR-98-JFH |

**OPINION AND ORDER**

Before the Court is a motion in limine ("Motion") filed by Defendant Brett Dewayne Cole. Dkt. No. 71. Defendant seeks exclusion of a forensic interview video of the alleged minor victim in the case along with prohibition of live testimony relating to the alleged minor victim's disclosures and allegations of abuse.[1] *Id.* The Government opposes the Motion and claims that the video and live testimony are admissible under the residual exception to hearsay found in Federal Rule of Evidence 807. For the reasons stated, the Motion is GRANTED to the extent that the subject evidence is not admissible pursuant to Rule 807.

**AUTHORITY AND ANALYSIS**

Rule 807 states:

> **(a)** In General. Under the following conditions, a hearsay statement is not excluded by the rule against hearsay even if the statement is not admissible under a hearsay exception in Rule 803 or 804:
>
> **(1)** the statement is supported by sufficient guarantees of trustworthiness--after considering the totality of circumstances under which it was made and evidence, if any, corroborating the statement; and

---

[1] Defendant is charged with three crimes: two (2) counts of aggravated sexual abuse in Indian country and one (1) count of abusive sexual contact in Indian country, all involving the same alleged victim under the age of twelve (12) years at the time of the charged conduct. Dkt. No. 2.

>**(2)** it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts.
>
>**(b)** Notice. The statement is admissible only if the proponent gives an adverse party reasonable notice of the intent to offer the statement--including its substance and the declarant's name--so that the party has a fair opportunity to meet it. The notice must be provided in writing before the trial or hearing--or in any form during the trial or hearing if the court, for good cause, excuses a lack of earlier notice.

Fed. R. Evid. 807.[2]  Subsection (b) is determinative here.[3]

The Government claims it gave reasonable notice because information was provided to counsel through discovery on August 8, 2022. Dkt. No. 74 at 6.  According to the Government, because defense counsel "confirmed that he was able to open and access the media" and "raised no issues, objections, nor further inquiries with respect to the forensic interview," notice was effected on this August 8, 2022 discovery production date.  *Id.* at 6-8.  The Court disagrees.

Mere production in discovery is not sufficient to satisfy the notice requirements within the Federal Rules of Evidence.  If it were, the notice requirements of various rules—including without limitation Rule 404(b), Rule 412, Rule 413/414, Rule 609, and Rule 807—would be superfluous. "The notice requirements of the residual hearsay rule are strictly construed.  Indeed, courts have refused to admit hearsay evidence under the rule solely because the proponent failed to provide the opposing party with the name and address of the declarant." *Sours v. Glanz*, 24 F. App'x 912,

---

[2] Defendant's Motion was filed on December 27, 2022.  On December 28, 2022, the Court directed the Government to respond to the Motion and directed that the response "specifically address the requirements of FRE 807(a)(2) and 807(b) as well as the notice deadline set forth in the Court's Scheduling Order."

[3] Because Rule 807(b) is dispositive here, the Court does not analyze 807(a)(2) under the facts of this case.

914 (10th Cir. 2001) (citations omitted).[4]  The Court finds persuasive the Third Circuit's reasoning when faced with a similar argument that suggested production in discovery was sufficient notice for the residual exception.  *United States v. Pelullo*, 964 F.2d 193, 202 (3d Cir. 1992).  The court there reiterated previous Third Circuit precent that "construed the notice provision to require the proponent to give notice of its intention specifically to rely on the rule as grounds for admissibility."  *Id.*  The Tenth Circuit appears to favor the same rule.  *See Herrick v. Garvey*, 298 F.3d 1184, 1192 n.6 (10th Cir. 2002) ("The residual hearsay exception in Federal Rule of Evidence 807 does not apply in this case because there is no evidence that Herrick provided the government with notice of his intent to use the district court opinion sufficiently in advance of the hearing to provide the government with a fair opportunity to prepare to meet it, including providing prior notice of his intention to utilize the residual exception to the prohibition on hearsay.").

By reliance on its August discovery production date, the Government practically concedes it did not provide notice to Defendant of its intention to rely on the residual exception until its trial brief.  The question then becomes whether notice in the Government's December 22, 2022 trial brief was "reasonable" under Rule 807.  It was not.

The trial of this matter is scheduled to begin on January 3, 2023.  The Court issues a scheduling order in each criminal case, which governs the proper timing for notices and motions.  Because of continuances, the case has had multiple scheduling orders.  The notices deadline was originally for August 22, 2022, and "include[d] *all* notices required by the Rules of Criminal Procedure and Evidence, including *but not limited to*, notices pursuant to Rule 16, 404(b), 412, 413, 414, or 609."  Dkt. No. 21 at 1 (emphasis added).  The Government sought and obtained an

---

[4]  Unpublished opinions are not precedential but may be cited for persuasive value.  Fed. R. App. P. 32.1.

extension to file notices and motions by September 7, 2022. Dkt. No. 24; Dkt. No. 27; Dkt. No. 28. The Government timely filed two notices on September 7, 2022, one under Federal Rule of Criminal Procedure 16 and one under Federal Rule of Evidence 414. Dkt. No. 27; Dkt. No. 28. When the case was continued again, the parties received a new notices deadline of October 10, 2022. Dkt. No. 35 at 3. The Government did not file any further notices. On December 22, 2022, the Government timely filed its trial brief. Dkt. No. 69. Within its trial brief, the Government purported to provide notice under Rule 807. *Id.* at 7-8.

"[D]istrict courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016). The Court has experienced unprecedented caseloads and jurisdictional complexities in the past two years. *See Oklahoma v. Castro-Huerta*, 142 S.Ct. 2486, 2492 (2022) (describing the "significant challenge for the Federal Government and for the people of Oklahoma" in the wake of *McGirt v. Oklahoma*); *United States v. Budder*, --- F. Supp. 3d ---, 2022 WL 1948762, at *7 (E.D. Okla. Apr. 29, 2022) (collecting cases where federal courts "noted *McGirt's* tremendous impact"). In particular, *McGirt* led to a one-year increase of more than 400% in the number of criminal cases filed in the Eastern District of Oklahoma. *See* U.S. Courts, *Judiciary Supplements Judgeship Request, Prioritizes Courthouse Projects* (Sept. 28, 2021), https://www.uscourts.gov/news/2021/09/28/judiciary-supplements-judgeship-request-prioritizes-courthouse-projects. The Eastern District of Oklahoma has one and a half district judges, of which the undersigned is the half-time judge due to his multi-district caseload. The Court's criminal scheduling orders are designed to facilitate orderly litigation amidst these circumstances and specifically note that "[d]ue to the Court's multi-district caseload, this schedule is relatively

4

inflexible." Dkt. No. 26 at 1. Counsel's failure to abide by these expectations impedes judicial efficiency and monopolizes limited resources.

The Court maintains an extremely busy docket resulting from *McGirt* with many cases set for trial every month in each of the two districts where the undersigned sits. Evidentiary issues <u>must</u> be raised as ordered for the Court to be able to give them due consideration. Even more importantly here, timely Rule 807 notice was required "to provide [Defendant] a fair opportunity to meet" the statements being offered. The Government was clearly aware of the notices deadline, as it previously sought a deadline extension and subsequently filed two notices under other rules. It concedes it did not file an equivalent notice for the issue at hand. This violation of the Court's scheduling order is unreasonable. The Government did not meet Rule 807(b)'s notice requirement and thus may not use the rule at trial.[5]

## CONCLUSION

IT IS THEREFORE ordered that Defendant's motion in limine at Dkt. No. 71 is GRANTED such that the subject evidence is not admissible pursuant to Rule 807. The Government may not rely on the residual exception in Rule 807 for admission of any evidence—including but not limited to the recorded forensic interview or live witness testimony—relating to allegations disclosed by the alleged minor victim in this case. This Order does not address potential admission under any other Federal Rule of Evidence.

---

[5] The Court notes that the Government proposes that some of the statements at issue may also qualify for admission under other hearsay exceptions. This Order does not address the potential admissibility of such statements beyond Rule 807. The Government may seek to lay appropriate foundation for such statements under other hearsay exceptions and Defendant may raise his objections thereto, at trial. The Court will address these other evidentiary issues at that time.

DATED this 30th day of December 2022.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE